# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Verizon Employee Benefits Committee

Plaintiff(s)

v.

Edgar A. Irizarry
Morgan Stanley & Co. LLC
Sara Irizarry
Defendant(s)

APPLICATION FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE REPLY
[Local Civil rule 6.1(b)]

Civil Action No. 3:23-CV-01708-MAS-DEA

Application is hereby made for a Clerk's Order extending time within which defendant(s) may answer, move, or otherwise reply to the Complaint filed by plaintiff(s) herein and it is represented that:

1. No previous extension has been obtained;
2. Service of Process was effected on April 1 ; and
3. Time to Answer, Move or otherwise Reply expires on 21 to 60 days

4. For the conference on Friday April 21, 2023. At 4:00 PM. I object. I need my Lawyer. I don't want my rights to start receiving my retirement benefits to be subjected or affected in any way by this restraining court orders requested by Verizon. I need to consult with my lawyer. Again I don't want Verizon to have the rights to a preliminary injuction where I have to submite to the same actions of the temporary restraining order. Or for this one to affect in any way. The commencement of my rights to receive the retirement pension benefits to be delay any further. I have the rights to Legal representation. I also have a heart condition. I hold Verizon accountable and responsible for the misuse of my pension benefits And violation of the court order that awarded me the rights of entitle to receive this one.

I work; is not easy to find a Lawyer your honor

mcalderon@lsyc.org
unsure to represent me
"Legal Aide" Christopher Lage assigned

Attorney for Defendant(s) Mrs. Calderon mcalderon@lsyc.org

Sara Irizarry
275 Friendship Rd.
Mailing Address

Cranbury, New Jersey 08512
City, State, Zip Code

## ORDER

The above application is ORDERED GRANTED. Defendant(s) time to answer, move or otherwise reply is extended to _____.

ORDER DATED: _____

I need a little more time. In order for my Lawyer to explain to me the advantage or disadvantages of suporting the restrain order Attentively; Sara Irizarry, defendant too

By: _____
Deputy Clerk

Page 1    To be continue; see next page →

4/18/23, 10:15 AM
Case 3:23-cv-01708-MAS-DEA   Document 20   Filed 04/21/23   Page 2 of 15 PageID: 516
CM/ECF LIVE - U.S. District Court for the District of New Jersey

**Full docket text for document 14:**

TEXT ORDER: This matter comes before the Court upon Plaintiff Verizon Employee Benefits Committee's ("Plaintiff") Motion for Temporary Restraining Order. (ECF No. [6].) A telephone status conference in this matter is scheduled for Wednesday, April 19, 2023 at 2:00 p.m. to discuss Plaintiff's Motion. All parties shall attend. Because Defendants Edgar A. Irizarry, Sara Irizarry, and Morgan Stanley & Co. LLC ("Defendants") have not entered an appearance in this matter, Plaintiff must properly serve this Text Order on Defendants and file proof of service by tomorrow, April 18, 2022 at 2:00 p.m. So Ordered by Judge Michael A. Shipp on 4/17/2023. (jdb)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/18/2023 10:14:47 | | | |
| PACER Login: | ChrisDagg5Dr | Client Code: | |
| Description: | History/Documents | Search Criteria: | 3:23-cv-01708-MAS-DEA |
| Billable Pages: | 1 | Cost: | 0.10 |

5. False allegations about my divorce date are presented by; Cammarata Declaration At 2.¶ page 470 parragraph (Statement of Facts) under. My divorce was settled on May 20, 1999. by Honorable Norman J. Peer, JSC. Filed on Nov. 18, 1999. by honorable Louis F. Locascio, J.S.C. Not on July 3, 2014. Copy of my divorce date is enclose. . By my Lawyer then Jules J. Littman, Esquire; By Lomurro, Davidson, Eastman & Muñoz, P,A. on Referral From Middlesex County Legal Services. Probono.

Stanley"), the entity with whom the IRA was established, to preserve the erroneously paid Pension Plan monies or any traceable proceeds therefrom, pending a final determination of the claims asserted in Plaintiff's Complaint. Absent such relief, Plaintiff will likely be deprived of equitable relief. There is no remedy at law.

## STATEMENT OF FACTS

Edgar Irizarry was an employee of Verizon and/or its affiliates and predecessors. By virtue of his employment with Verizon, Edgar Irizarry was a participant in the Bell Atlantic Pension Plan, which was one of the predecessor plans of the Verizon Management Pension Plan. Complaint at ¶9; March 17, 2023 Declaration of Kevin Cammarata ("Cammarata Declaration") at ¶2. On or about July 3, 2014, in a divorce proceeding pending between Edgar Irizarry and Sara Irizarry, the New Jersey Monmouth County Superior Court issued a Domestic Relations Order, which addressed issues relating to the distribution of Mr. Irizarry's pension benefit under the Pension Plan in light of his divorce from Sara Irizarry. Complaint at ¶¶12, 16-17; Ex. B to Complaint; Cammarata Declaration at ¶¶4, 9-10.

Section 7.2 of the Pension Plan addresses assignment and alienation of benefits under the plan, and provides, in pertinent part, that "benefits under the Plan may not be anticipated, assigned (either at law or in equity), alienated, or subjected to attachment, garnishment, levy, execution, or other legal or equitable process, provided that . . . (c) payments made in accordance with a Qualified Domestic Relations Order are not prohibited." Exhibit A to Complaint at pages 120-121 (quoted in Cammarata Declaration at ¶5). For purposes of the Pension Plan, a "Qualified Domestic Relations Order" is defined in Article II to mean a "qualified domestic relations order" within the meaning of section 206(d) of ERISA. Exhibit A to Complaint at page 36. Accordingly, pursuant to Section 7.2 of the Pension Plan, the Plan's

[Handwritten annotations: "wrong date" (pointing to July 3, 2014); "Irrelevant Information / My divorce was Finalized on December of 1999. Sara Irizarry s.I. divorced / That date probably referres to Edgar A Irizarry Second divorce..."]

**BELL ATLANTIC**
QDRO Processing Group
P.O. Box 2023
One Independence Way
Princeton, New Jersey 08543-2023
Fax (609) 734-9477



July 7, 1999

Jules S. Littman, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
Monmouth Executive Center
100 WillowBrook Road, Building 1
Freehold, NJ 07728

RE: **Bell Atlantic Pension Plan**
Participant: Edgar A. Irizarry
SSN: 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

Dear Mr. Littman,

We have reviewed the draft Domestic Relations Order regarding the above-referenced Plan of Participant Edgar A. Irizarry, received in this office on June 3, 1999.

It has been determined that modification is necessary to meet the requirements of a Qualified Domestic Relations Order as that term is defined in Section 414(p) of the Internal Revenue Code and as defined by the Ingersoll-Rand Plan. Please address the following:

- Please specifically state whether the benefit will be based on the life of the Participant or the Alternate Payee. After indicating which life the benefit will be based on, please delete the paragraphs in Sections G and H that **do not** apply.

Please fax or mail a copy of the revised Order to this office for review prior to being entered in court, to ensure that all necessary changes have been made.

If you should have questions or concerns regarding this matter, please contact me at (609) 734-9465, between 9:00 a.m. and 4:00 p.m. Eastern Standard Time.

Very truly yours,

Marcello Pisapia
QDRO Benefits Analyst

c: Edgar A. Irizarry
    Sara Irizarry

**BELL ATLANTIC**
QDRO Processing Group
P.O. Box 2023
One Independence Way
Princeton, New Jersey 08543-2023
Fax (609) 734-9477

September 23, 1999

Jules S. Littman, Esq.
Monmouth Executive Center
100 Willowbrook Road
Building 1
Freehold, NJ 07728

        RE:    Bell Atlantic Pension Plan
                 Participant: Edgar A. Irizarry
                 SSN: 178 56 4564

Dear Mr. Littman:

We have reviewed the draft Domestic Relations Order prepared regarding the above-referenced Plan, received by this office on September 20, 1999.

It is our determination that the draft Order, were it entered in court in its current form, would meet the requirements of a Qualified Domestic Relations Order as that term is defined in Section 414(p) of the Internal Revenue Code, and as defined by the Bell Atlantic Plan. Please obtain the appropriate signatures upon entering it in court and return an original or court-certified true copy of the Order to the following address:

Bell Atlantic Qualified Order Team
Post Office Box 785011
Orlando, FL 32878-5011
(800) 569-6963
(407) 471-0911 (Facsimile)

Should you have any questions or concerns regarding this matter, please contact this office at (609) 734-9465, between 9:00 a.m. and 4:00 p.m. Eastern Standard Time.

Very truly yours,

*Marlene Altieri*

Marlene Altieri
QDRO Benefits Analyst

c:  Edgar A. Irizarry
     Sara Irizarry

## LOMURRO, DAVISON, EASTMAN & MUÑOZ, P.A.
ATTORNEYS AT LAW
MONMOUTH EXECUTIVE CENTER
100 WILLOWBROOK ROAD
BUILDING 1
FREEHOLD, NEW JERSEY 07728
(732) 462-7170
TELEFAX (732) 780-9723
E-mail address:
JLITTMAN@LOMURROLAW.COM

DONALD M. LOMURRO ◊+
DUANE O. DAVISON
EDWARD C. EASTMAN, JR. +
ROBERT F. MUNOZ
ROBERT C. BLANK
ROBERT L. HEUGLE, JR. +
JULES S. LITTMAN
VERONICA M. DAVIS
JAMES M. McGOVERN, JR. ◊+

+ CERTIFIED CIVIL TRIAL ATTORNEY
◊ CERTIFIED CRIMINAL TRIAL ATTORNEY

GARY P. McLEAN
CHAD WARNKEN
KELLY A. ERHARDT
KEITH B. BANNACH
ANTHONY P. LaMANTIA III
ELAINE STEIN
BETTINA E. MUNSON

OF COUNSEL
THEODORE J. FISCHKIN
LAURIE GLUCK RUBEN

November 29, 1999

Bell Atlantic
QDRO Processing Group
1 Independence Way
P. O. Box 2023
Princeton, New Jersey 08643-2023

        Re:    Irizarry v. Irizarry
                  Docket No. FM 13-1633-98A
                  Our File No. J 195

Dear Sir/Madam:

    Enclosed please find a certified to be a true copy of Qualified Domestic Relations Order executed and filed by the Honorable Louis F. Locascio, J.S.C. on November 18, 1999. Kindly process as soon as possible.

    If you have any questions, please do not hesitate to contact me.

                          Very truly yours,

                          JULES S. LITTMAN

a
Encl.
cc:    Cori L. Socher, Esquire/without enclosure
        Sara Irizarry

RECEIVED DEC 2 3 1999



December 20, 1999

Private and Confidential

Jules S. Littman, Esq.
Monmouth Executive Center
100 Willowbrook Road
Building 1
Freehold, NJ 07728

Dear Ms. Littman:

Enclosed is a copy of a domestic relations order that we have received. Upon receipt of this order we are initiating procedures that include the restriction of benefit activity and a review of this order. All interested parties will be notified when a determination of this proposed order is made. If this document is determined to be a Qualified Domestic Relations Order (QDRO), a portion of your benefit will be paid to the alternate payee named in the order, in accordance with the order and plan procedures.

For your information, enclosed is a summary of the procedures that have been adopted for administering domestic relations orders. Please read this information which includes qualification criteria, benefit activity restriction rules, and administrative procedures.

If you have any questions regarding this possible QDRO or the administrative process, please refer to the contact information in the enclosed procedures for the appropriate telephone number, hours of service, and facsimile number.

Sincerely,

Qualified Order Team

Enclosures
cc: Mr. Edgar Irizarry (w/enc.)
    Ms. Sara Irizarry (w/enc.)





January 25, 2000

Private and Confidential

Mr. Edgar Irizarry
311 Freehold-Englishtown Road
Freehold, NJ 07728

Dear Mr. Irizarry:

Subject: Qualified Domestic Relations Order in the Case of
Edgar Irizarry and Sara Irizarry

On December 17, 1999, the Qualified Order Team received the enclosed certified domestic relations order. This order has been determined to be a Qualified Domestic Relations Order (QDRO) as defined in Section 414(p) of the Internal Revenue Code of 1986, as amended.

Please note that the QDRO provisions will become final upon the earlier of the expiration of the 60-day appeal period or notice from both parties that the appeal period has been waived. If you should elect to waive the 60-day appeal period, please sign the enclosed waiver in the presence of a notary and submit the original form back to the Bell Atlantic Qualified Order Team at the address in this letter.

According to the terms of the QDRO, Sara Irizarry is awarded a portion of your benefits. The following information, taken from the order, outlines the administration of the benefits.

When application is made for payment of the pension benefit, the provisions of the order will be followed. Both the participant and the alternate payee should call the Bell Atlantic InTouch Center at (877) 235-5482 at least 90 days prior to when you wish to begin receiving payments from the Plan.

*Plan Name*
Bell Atlantic Pension Plan

*Benefit Assignment*
50 percent of a marital fraction as of the benefit commencement date

*Form of Payment*
In any form of payment under a plan adjusted over the lifetime of the alternate payee

*Timing of Commencement*
Under the terms of the order, the alternate payee is eligible to commence her assigned benefit upon the participant's attainment of earliest retirement age as defined under the plan.

Mr. Edgar Irizarry
Page 2
January 25, 2000

*Other*

In accordance with the terms of the Plan, please be advised that should the alternate payee elect to commence her benefit prior to the participant's actual retirement date, she will not be eligible to share in any early retirement subsidy. As such, her benefit would be substantially reduced.

According to the terms of the order, the alternate payee has been designated as a surviving spouse for purposes of a Preretirement Survivor Annuity. Therefore, in the event the participant predeceases the alternate payee before the alternate payee receives her first payment under the order, she will instead receive a fractional share of this death benefit based on the terms of the order.

According the terms of the order, the alternate payee has been designated as the surviving spouse for purposes of a Qualified Joint & Survivor Annuity. Therefore, in the event the participant predeceases the alternate payee after his retirement, she would be entitled to receive the full benefit of the amount, based on the terms of the order, the participant was receiving from the Plan. Additionally, the participant will be required to elect a Qualified Joint and Survivor Annuity upon his retirement.

The marital fraction used in the order requires the participant's total period of service in the plan to calculate the assigned benefit amount. Because the participant is still in service, the total service cannot be determined at this time. Therefore, the alternate payee's portion of the benefit will be determined upon the participant's retirement or at the time of alternate payee's commencement of benefit payments, as ordered in the QDRO.

Benefit amounts and eligibility dates will be addressed in a separate letter to Sara Irizarry upon request and upon completion of the appropriate calculations based on the participant's eligibility for payment.

We are notifying all interested parties in this case by providing them a copy of this letter and its enclosures.

If you have any questions about the terms of the QDRO, the Qualified Order Team may be reached at the following address:

Bell Atlantic Qualified Order Team
Post Office Box 785011
Orlando, FL 32878-5011

You may also contact the Qualified Order Team at (800) 569-6963. Representatives available at this number to answer your questions Monday through Friday from 8 a.m. to 5 p.m. Eastern time.

Sincerely,

Qualified Order Team

*Kimberly Gunderman*
Kimberly Gunderman

KG:mo
Enclosures
cc: Ms. Sara Irizarry (w/enc.) ✓
    Jules S. Littman, Esq. (w/enc.)

## LOMURRO, DAVISON, EASTMAN & MUNOZ, P.A.
### ATTORNEYS AT LAW
MONMOUTH EXECUTIVE CENTER
100 WILLOWBROOK ROAD
BUILDING 1
FREEHOLD, NEW JERSEY 07728
(732) 462-7170
TELEFAX (732) 780-9723

DONALD M. LOMURRO +
DUANE O. DAVISON
EDWARD C. EASTMAN, JR. +
ROBERT F. MUNOZ
ROBERT C. BLANK
ROBERT L. HELGILE, JR +
JULES S. LITTMAN
VERONICA M. DAVIS
JAMES M. MC GOVERN, JR. ...

+CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
J CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY

GARY P. McLEAN
CHAD WARNKEN
KELLY A. ERHARDT
KEITH R. BANNACH
ANTHONY P. LaMANTIA III
ELAINE STEIN
BETTINA E. MUNSON
HEIDI K. HOFFMAN
LAURIE GLUCK RUBEN

OF COUNSEL
JOSEPH M. CLAYTON, JR

February 10, 2000

Sara Irizarry
610 Cornell Street
Perth Amboy, NJ 08861

Dear Mrs. Irizarry:

Your divorce is now completed and I am closing your file. You should have received documentation from Bell Atlantic with regard to your rights to your former husband's pension along with instructions on the procedure to be followed to receive your share.

I am assuming that you are receiving the alimony from your former husband, which you should receive for 7 years at the rate of $145.00 per week. I am not too clear as to what has happened with regard to custody of the children and, therefore, I do not know if you or your former husband have proceeded to modify the child support. If there has been no change, then the child support should be received by you in the amount of $100.00 per week.

If you have any questions, feel free to contact me. Good luck in the future.

Very truly yours,

JULES S. LITTMAN

JSL/lb
cc: Karen Bienarz (w/Judgment of Divorce, QDRO and Case Summary Closure Form)

F:\HOME\ALB\CLIENTS\IRIZARRY\CLIENT2.10

DEC 1 7 1999

**CERTIFIED TO BE A TRUE COPY**

FILED
NOV 1 8 1999
LOUIS F. LOCASCIO, J.S.C.

LOMURRO, DAVISON, EASTMAN & MUNOZ, P.A.
Monmouth Executive Center
100 Willowbrook Road, Building 1
Freehold, NJ 07728
(732) 462-7170
Attorneys for Plaintiff
**ON REFERRAL FROM MIDDLESEX COUNTY LEGAL SERVICES**

| | |
|---|---|
| EDGAR A. IRIZARRY<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SARA IRIZARRY<br><br>　　　　Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION - FAMILY PART<br>MONMOUTH COUNTY<br>DOCKET NO.:FM-13-1633-98A<br><br>Civil Action<br><br>QUALIFIED DOMESTIC RELATIONS ORDER |

This matter having been heard on the 20th day of May, 1999 by the Honorable Norman J. Peer, J.S.C., Cori L. Socher, Esquire, appearing for the plaintiff, Edgar A. Irizarry, and Jules S. Littman, Esquire, appearing for the defendant, Sara Irizarry, and the court having granted a Judgment of Divorce dissolving the marriage between the plaintiff and the defendant which Judgment incorporated a Property Settlement and Support Agreement which provided for the entry of a Qualified Domestic Relations Order dividing the plaintiff's right to a pension from Bell Atlantic through the Bell Atlantic Pension Plan and the intent of this order is to create and recognize the existence of the alternate payee's right to receive a portion of the participant's benefit under the Bell Atlantic Pension Plan and is entered pursuant to the authority granted under the applicable law of the State of New Jersey specifically N.J.S. 2A:34-23 which permits the court to enter an order to divide the marital property rights of the plaintiff and defendant herein, and for good cause shown;

IT IS ON this 18 day of Nov. [June], 1999,

ORDERED:

A. **Plan Name:**

The name of the Plan is the Bell Atlantic Pension Plan.



RECEIVED
DEC 2 1999
QDRO PROCESSING DEPT

DEC 17 1999

B.  **Participant Name:**

   1. Edgar A. Irizarry
   2. DOB: October 11, 1961
   3. Social Security Number: 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
   4. Mailing Address: 311 Freehold-Englishtown Road, Freehold, New Jersey 07728.

C.  **Alternate Payee:**

   1. Sara Irizarry
   2. DOB: December 5, 1959
   3. Social Security Number: 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
   4. Mailing Address: 610 Cornell Street, City of Perth Amboy, State of New Jersey 08861.

The above referenced alternate payee has an interest in the Participant's accrued benefit from the Pension Plan and the "Alternate Payee", as defined by Internal Revenue Code Section 414(p)(8), is the former spouse of the Participant.

D.  **Division of Benefits:**

   1. The interest of the Alternate Payee is determined as follows:

   The accrued benefit of the Participant through the benefit commencement date multiplied by a fraction the numerator of which is the number of months of participation in the Plan while married divided by the number of months of participation in the Plan up to the benefit commencement date multiplied by fifty percent (50%).

   2. The parties named in this Order were married on February 28, 1980 and divorced on May 20, 1999.

E.  **Should the Participant Die Before the Alternate Payee Commences Receiving Benefits Then the Alternate Payee Is Designated as a "Surviving Spouse":**

Should the Participant die before the Alternate Payee commences receiving the benefit described, the Alternate Payee shall receive a percentage of the Qualified Pre-retirement Survivor Annuity Benefit available under the Plan's Qualified Pre-Retirement Survivor Annuity

DEC 17 1999

provisions. The percentage shall be obtained by a fraction the numerator of which is the number of months participation in the plan while married divided by the number of months participation in the plan up to the date of the Participant's death.

F. **Distributions of the Assigned Benefit and Designation of Post Retirement Surviving Spouse Benefit:**

The Alternate Payee is designated as the sole and exclusive surviving spouse under the Plan's Qualified Joint and Survivor Annuity provisions for the entire benefit available upon the death of the Participant.

G. **Form of Benefit at Commencement:**

The Alternate Payee's assigned benefit is to be paid over the life of the Alternate Payee; the benefit will be distributed in the form of an actuarially equivalent annuity paid over the Alternate Payee's own life time. It will be the responsibility of the Alternate Payee to advise Bell Atlantic as to the date on which payment of benefits are to commence.

H. **Commencement of Benefits:**

1. Since the assigned benefit is to be paid over the life of the Alternate Payee, subject to the provisions of Part I, the Alternate Payee may elect commencement of her assigned benefit at the earliest date in which the Participant may commence benefits, but no later than when the Participant commences receipt of benefits.

2. It is the responsibility of the Alternate Payee to contact the Bell Atlantic Benefit Office at least sixty (60) days in advance of the date when she wishes to elect to commence receipt of her assigned benefit.

3. The benefit cannot be distributed until the sixty (60) day waiting period has expired or until receipt of a properly completed and notarized Waiver of Appeal Form.

I. **Understandings and Conditions:**

1. Actuarial Adjustment: The Alternate Payee's benefit will be actuarially adjusted using the Plan factors in effect at the time benefits commence and an interest rate factor based on the date of the Order so that the present value of the benefit payable to the Alternate Payee will be equal to the present value of such benefit if it were payable to the Participant.

DEC 17 1999

2. **Ad hoc Increases:** Both the Participant and the Alternate Payee's benefit shall be proportionately adjusted to reflect ad hoc increases.

3. **Applicable Plans:** This Order shall apply to the Plan designated in the Order and to any successor employer plan or any other plan to which liability for payment of the benefit may be transferred.

4. **Change in Plan Sponsor:** Changes in Plan Sponsor, Plan Administrator or Plan Name shall not affect this Order.

5. **Death of the Alternate Payee:** Upon the death of the Alternate Payee prior to commencement of benefits to that Alternate Payee, the Alternate Payee's assigned benefit will be paid to such beneficiary as she may have designated.

6. **Early Retirement:** If the Alternate Payee elects to commence benefits at an early retirement date which is prior to the Participant's commencement of benefits, payments will be reduced to reflect early retirement discounting, if any, based on the Participant's age and years of credited service when the Alternate Payee's benefit starts.

7. **Multiple Benefit:** Any Order seeking to require that an Alternate Payee receive both an actuarially equivalent life annuity paid over the Alternate Payee's life and also simultaneously to receive a survivor annuity under any Plan's Qualified Joint and Survivor Annuity or Qualified Pre-Retirement Survivor annuity provisions will be considered to provide an otherwise unavailable form of benefit, and such an Order will not be considered qualified.

8. **Name and Address:** The Participant and the Alternate Payee must advise the Plan Administrator of any changes in the mailing address(es) or legal name(s) set for in Part B and Part C respectively.

9. **Notice of Prior Order:** By the submission of this Domestic Relations Order, the interested parties in this Order certify that they are not aware of any prior Orders which purport to dispose of the benefits described herein (except other proceedings in the same matter with respect to the same parties and of which the Plan Sponsor is already aware). Should a prior Order exist, it is the responsibility of the interested parties to advise the Plan Administrator prior to the Plan Administrator's determination of the "qualified status" of this Order.

10. **Qualified Domestic Relations Order:** This Order is intended to fulfill the requirements of a Qualified Domestic Relations Order pursuant to Section 414(p) of the Internal Revenue Code, and as such this Order is not intended to require the Bell Atlantic defined benefit plan to provide any increased payments over those due the Participant under the Plan.

11. **Remarriage:** The subsequent remarriage of either party shall not affect the division of pension benefits as described in this Order.

12. **Terms:** The terms used in this Order shall have the same meaning as in the Bell Atlantic Plan to which it applies; and it is further

ORDERED, that this court shall retain jurisdiction over this matter and may modify this order in accordance with requirements of the Plan Administrator so that it will qualify as a Domestic Relations Order.



HONORABLE ~~NORMAN J. PEER~~ *Louis F. Locascio*
LOUIS F. LOCASCIO, J.S.C.

We hereby consent to the form and entry of the within Order.

_____
CORI I. SOCHER, ESQUIRE
Attorney for the Plaintiff

_____
JULES S. LITTMAN, ESQUIRE
Attorney for the Defendant

F:\HOME\ALB\CLIENTS\IRIZARRY\QDRO.