UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERIZON EMPLOYEE BENEFITS COMMITTEE,<br><br>             Plaintiff,<br><br>     v.<br><br>EDGAR A. IRIZARRY, and<br>SARA IRIZARRY,<br><br>             Defendants. | Case No. 3:23-cv-01708-MAS-DEA |

**ANSWER OF DEFENDANT SARA IRIZARRY**

Defendant Sara Irizarry ("Defendant"), by and through her undersigned counsel, hereby asserts the following as her Answer to the Complaint:

**Introduction**

1.    Defendant admits the allegations in paragraph 1 of the Complaint that this is an action for injunctive, declaratory and other appropriate equitable relief and for a declaratory judgment and determination with respect to the rights of Defendants to pension benefits from the Verizon Management Pension Plan (the "Pension Plan"), but lacks sufficient knowledge to admit or deny the rest of the allegations in paragraph 1.

2.    Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegation in paragraph 16 of the Complaint that the denominator of the coverture fraction in the Qualified Domestic Relations Order is "the total months of service credited to Edgar Irizarry under the Pension Plan <u>at the time of his retirement</u>." [Emphasis added.] The Qualified Domestic Relations Order states that the denominator of the coverture

fraction is the "number of months of participation in the Plan <u>up to the benefit commencement date</u>." (Qualified Domestic Relations Order filed Nov. 18, 1999, ¶ D.1, at 3, attached as Exhibit B to Complaint [ECF Document No. 1-2]) (Emphasis added.)  Defendant admits the remaining allegations in paragraph 16.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint.

20. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 20 of the Complaint.

21. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 21 of the Complaint.

22. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 22 of the Complaint.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint.

24. Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 25 of the Complaint, and admits the

remaining allegations in paragraph 25.

26. Defendant admits the allegations in the first sentence of paragraph 26 of the Complaint, and lacks sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 26.

## COUNT I OF THE COMPLAINT

27. Defendant incorporates by reference paragraphs 1 through 26 above as her answers to the allegations in the Complaint as though fully set forth herein.

28. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 28 of the Complaint.

29. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 29 of the Complaint.

30. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 30 of the Complaint.

31. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 31 of the Complaint.

32. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 32 of the Complaint.

33. Defendant admits the allegation in paragraph 33 of the Complaint that she is named as a defendant to this action, but denies that her interests may

be adversely affected if the relief requested by Plaintiff in Count I is not granted.

34. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 34 of the Complaint.

## COUNT II OF THE COMPLAINT

35. Defendant incorporates by reference paragraphs 1 through 34 above as her answers to the allegations in the Complaint as though fully set forth herein.

36. Defendant admits the allegations in paragraph 36 of the Complaint.

37. Defendant admits the allegations in paragraph 37 of the Complaint.

38. Defendant admits the allegations in paragraph 38 of the Complaint.

39. Defendant admits the allegations in paragraph 39 of the Complaint.

40. Defendant admits the allegations in paragraph 40 of the Complaint.

41. Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 41 of the Complaint, and admits the remaining allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42 of the Complaint that the amount of the monthly benefits to which she is entitled to unclear, denies the allegations in paragraph 42 that the terms of the QDRO lack clarity as to her entitlement to a portion of the early retirement subsidy, and admits the

remaining allegations in paragraph 42.

43. Defendant admits the allegations in paragraph 43 of the Complaint that she is entitled to a portion of the early retirement subsidy, and denies the remaining allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

### COUNTER-CLAIM AGAINST PLAINTIFF AND CROSS-CLAIM AGAINST DEFENDANT EDGAR A. IRIZARRY

45. Defendant incorporates by reference paragraphs 1 through 44 above as her answers to the allegations in the Complaint as though fully set forth herein.

46. Defendant is entitled to monthly benefits pursuant to the QDRO that include a *pro rata* share of the early retirement subsidy.

## **PRAYER FOR RELIEF**

Based on the foregoing, Defendant Sara Irizarry prays for the following relief as to her Counter-Claim against Plaintiff and her Cross-Claim against Defendant Edgar A. Irizarry:

(a) That the Court make a determination that the QDRO entitles her to a *pro rata* share of the early retirement subsidy;

(b) That the Court enter a declaratory judgment pursuant to ERISA Section 502(a)(3) and 28 U.S.C. § 2201 that she is entitled to a *pro rata* share of the early retirement subsidy under the QDRO; and

(c) That the Court award her such other and further relief as it deems just, equitable, and proper.

Dated:  Brooklyn, New York
            May 9, 2023

                                                    Respectfully submitted,

                                                    *s/Christopher Wm. Dagg*
                                                    Christopher Wm. Dagg, Esq.
                                                    BROOKLYN LEGAL SERVICES
                                                    105 Court Street, 4th Floor
                                                    Brooklyn, New York 11201
                                                    Tel./Fax: (718) 237-5543
                                                    E-mail: cdagg@lsnyc.org

                                                    Attorneys for Defendant Sara Irizarry

## **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirement of Rule 11.

Dated:  Brooklyn, New York
      May 9, 2023

                                     Respectfully submitted,

                                     *s/Christopher Wm. Dagg*
                                     Christopher Wm. Dagg, Esq.
                                     BROOKLYN LEGAL SERVICES
                                     105 Court Street, 4th Floor
                                     Brooklyn, New York 11201
                                     Tel./Fax: (718) 237-5543
                                     E-mail: cdagg@lsnyc.org

                                     Attorneys for Defendant Sara Irizarry