IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERIZON EMPLOYEE BENEFITS COMMITTEE,<br><br>                 Plaintiff,<br><br>                 v.<br><br>EDGAR A. IRIZARRY and SARA IRIZARRY,<br><br>               Defendants. | Civil Action No. 3:23-CV-1708-MAS-DEA |

### PLAINTIFF VERIZON EMPLOYEE BENEFITS COMMITTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT SARA IRIZARRY'S COUNTER-CLAIM

Plaintiff Verizon Employee Benefits Committee ("Verizon"), by and through its undersigned counsel, answers the Counter-Claim of Sara Irizarry ("Counter-Claim") as follows:

### ANSWER

45.    Verizon incorporates the denials and responses set forth in this Answer as if each were set forth fully herein. All allegations in the Counter-Claim not specifically admitted herein are denied.

46.    Verizon admits only that Sara Irizarry is entitled to a fraction of Edgar Irizarry's retirement benefits under the QDRO issued by the New Jersey Monmouth County Superior Court. By way of further answer, Verizon states that: Sara Irizarry, as Alternate Payee, was entitled to an awarded benefit of Fifty Percent (50%) of a fraction of Edgar Irizarry's retirement benefit, with the numerator of such fraction being the number of months of credited service during the marriage, and the denominator of such fraction being the total months of service credited to Edgar Irizarry under the Pension Plan at the time of his retirement; Edgar Irizarry was required to elect a Qualified Joint and Survivor Annuity upon his retirement, with Sara Irizarry designated as the surviving spouse; and

Edgar Irizarry was not permitted to receive his retirement benefit in the form of a single lump sum payment.  Verizon denies any liability to Sara Irizarry.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counter-Claim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Counter-Claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

### Third Affirmative Defense

The Counter-Claim is barred in whole or in part because it seeks remedies and damages not available under ERISA.

### Fourth Affirmative Defense

The Counter-Claim should be dismissed because it is barred by the statute of limitations or other applicable time bar.

### Fifth Affirmative Defense

The Counter-Claim is barred in whole or in part by the doctrines of estoppel, waiver, laches and/or unclean hands.

### Sixth Affirmative Defense

The Counter-Claim should be dismissed because the injuries and/or damages alleged by Sara Irizarry were caused in whole or in part by Edgar Irizarry and/or non-parties over whom Verizon had no control and for whose conduct Verizon is not responsible.

### Seventh Affirmative Defense

Sara Irizarry has failed to mitigate her alleged injuries and/or damages, and therefore any recovery awarded to Sara Irizarry should be barred or reduced by such amount.

<u>Eighth Affirmative Defense</u>

Verizon reserves the right to amend this pleading to include additional affirmative defenses.

**WHEREFORE**, Verizon respectfully requests that the Counter-Claim be dismissed with prejudice, that it be awarded its costs and attorneys' fees incurred in defending against the Counter-Claim, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Sarah Fehm Stewart*
Sarah Fehm Stewart, Esq.
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, NJ 07102
(973) 424-2061

Of Counsel:
James P. Hollihan, Esq.
Duane Morris LLP
600 Grant Street, 50th Floor
Pittsburgh, PA  15219
(412) 497-1040

Attorneys for Plaintiff
Verizon Employee Benefits Committee

Dated:  May 30, 2023

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2 and in compliance with 28 U.S.C. § 1746, that with respect to the matter in controversy, Verizon is not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Respectfully submitted,

*s/ Sarah Fehm Stewart*
Sarah Fehm Stewart, Esq.
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, NJ 07102
(973) 424-2061

Of Counsel:
James P. Hollihan, Esq.
Duane Morris LLP
600 Grant Street, 50th Floor
Pittsburgh, PA  15219
(412) 497-1040

Attorneys for Plaintiff
Verizon Employee Benefits Committee

Dated:  May 30, 2023

## **CERTIFICATE OF SERVICE**

I certify that on this 30th day of May, 2023, I served a copy of the foregoing Answer and Affirmative Defenses on the following via the Court's electronic case filing system:

Christopher Wm. Dagg, Esq.
BROOKLYN LEGAL SERVICES
105 Court Street, 4th Floor
Brooklyn, New York 11201
Tel./Fax: (718) 237-5543
E-mail: cdagg@lsnyc.org
*Counsel for Sara Irizarry*

I further certify that on this 30th day of May, 2023, I served a copy of the foregoing Answer and Affirmative Defenses on the following via first class mail, postage prepaid:

Edward Irizarry
13 Schaeffer Lane
Freehold, NJ  07728

                         *s/ Sarah Fehm Stewart*
                         Sarah Fehm Stewart, Esq.